UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BURBERRY LIMITED,<br>    a United Kingdom corporation and<br><br>BURBERRY LIMITED,<br>    a New York corporation,<br><br>                           Plaintiffs,<br>v.<br><br>WOLFF SHOE COMPANY,<br><br>                           Defendant. | **Judge Berman**<br><br>**07 CIV 8456**<br>Civil Action No.<br>**COMPLAINT**<br><br>Jury Trial Demanded |

RECEIVED
SEP 28 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiffs Burberry Limited (UK) and Burberry Limited (USA) (together, "Burberry" or "Plaintiffs") complain and allege against Defendant Wolff Shoe Company ("Wolff" or "Defendant") as follows:

## INTRODUCTION

1.  This action concerns Defendant's willful infringement of Burberry's famous, federally-registered BURBERRY CHECK trademarks and trade dress, as described herein (collectively, the "BURBERRY CHECK"). For over three-quarters of a century, Burberry has devoted substantial resources to promoting the goodwill of the BURBERRY CHECK for a broad variety of goods, including footwear, wearing apparel, and accessories. As a result of these efforts, the BURBERRY CHECK has become among the most famous marks in this country for such products.

2.  Attempting to capitalize on the goodwill and fame associated with the BURBERRY CHECK, Defendant has, without Burberry's authorization, sold and offered

for sale shoes bearing a check (the "Infringing Check") that is nearly identical to the BURBERRY CHECK.

3.    Through its actions, Defendant misleads consumers into thinking that Burberry is affiliated, connected, or associated with Defendant, and/or that Burberry sponsors, endorses, licenses, or otherwise approves of Defendant's products. Defendant's use of the Infringing Check also dilutes the value of Burberry's famous BURBERRY CHECK.  Unless enjoined, Defendant's conduct will continue to injure both Burberry and the public.

## JURISDICTION AND VENUE

4.    This action is based on Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114, Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (c), Sections 349, 350 and 360-l of the New York General Business Law, and the common law of the State of New York.

5.    Complete diversity exists among the parties, and the amount in controversy exceeds $75,000.

6.    This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, as well as 28 U.S.C. §§ 1331, 1332 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

7.    Upon information and belief, Defendant conducts business and is subject to personal jurisdiction in this District, and a substantial part of the events giving rise to the claims herein occurred in this District.  Venue in this Court is therefore proper under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

8.      Plaintiff Burberry Limited (UK) is a corporation duly organized and existing under the laws of the United Kingdom with a principal place of business at 18-22 Haymarket, SW1Y 4DQ, United Kingdom.

9.      Plaintiff Burberry Limited (US) is a corporation duly organized and existing under the laws of New York with a principal place of business at 1350 Avenue of the Americas, New York, New York 10019.

10.      Upon information and belief, Defendant is a corporation duly organized and existing under the laws of the State of Missouri with a principal place of business at 1705 Larkin Williams Road, Fenton, Missouri 63026.  Upon information and belief, Defendant is registered to do business within the State of New York, and sells footwear displaying the Infringing Check into this District.

## BACKGROUND

### A.    The BURBERRY CHECK

11.      Burberry is an internationally recognized luxury brand with a worldwide distribution.  Burberry first used the BURBERRY CHECK to line trench coats in the 1920s.  Use of the BURBERRY CHECK then extended to scarves and other accessories in the 1960s, and to footwear in the 1990s.  This famous check has continuously appeared on BURBERRY® products sold nationwide, such as footwear, handbags, clothing, luggage, umbrellas and other items.  Burberry's merchandise bearing the BURBERRY CHECK is sold in high-end department stores such as Saks Fifth Avenue and Nordstrom, BURBERRY® stores, online at Burberry.com, and in other authorized retail establishments.

12.      What makes the BURBERRY CHECK so unique is the particular configuration of its intersecting and parallel lines.  The BURBERRY CHECK displays a series of matching parallel lines, intersecting with the same number and configuration of perpendicular lines.  The intersection of these grouped and matching parallel lines forms a series of squares at their intersection – each square deeper in saturation than the lines themselves.  This also creates larger open framed squares in the areas of non-intersection.  A single, much thinner line of a contrasting color, running on both the horizontal and vertical planes, intersects in the center of these framed squares.

13.      Burberry offers apparel and accessories featuring the BURBERRY CHECK in a number of color schemes.  Among the most famous color schemes for the BURBERRY CHECK are the Nova Check, which features a camel-colored background with black and white intersecting parallel lines, as well as a contrasting red stripe; the Candy Check, which features a pink background with white and brown intersecting parallel lines, as well as a contrasting light blue stripe; and the Blue Bell Check, which features a light blue background with grey and tan intersecting parallel lines, as well as a contrasting darker blue stripe.

14.      The Nova Check, which is the most popular and iconic of Burberry's checks, appears on everything from footwear and handbags to coats and swimwear.

15.      Burberry's distinctive BURBERRY CHECK is registered in almost 100 countries.  In the United States alone, Burberry holds at least 9 registrations for the BURBERRY CHECK for products ranging from footwear and hats to coats and scarves.  The U.S. Patent and Trademark Office records for these registrations are collectively attached hereto as Exhibit A.  These registrations for the BURBERRY

4

CHECK are in full force and effect and many have become incontestable pursuant to 15 U.S.C. § 1065.

16.    Burberry designs and/or licenses, assembles, finishes, markets, and sells in interstate commerce high quality footwear, handbags, clothing, luggage, umbrellas and many other products bearing the BURBERRY CHECK, including the Nova Check. The BURBERRY CHECK has thus been used by Burberry on, and in connection with, the advertising and sale of Burberry's products, in interstate and intrastate commerce, including commerce in the State of New York and in this District.

17.    Burberry has spent significant sums of money advertising and promoting its BURBERRY CHECK for decades. Burberry has advertised its BURBERRY CHECK products over the last several decades through fashion magazines and point-of-sale advertising.

18.    Photographs showing the BURBERRY CHECK and BURBERRY® products featuring the BURBERRY CHECK are attached collectively as Exhibit B hereto. To Burberry's knowledge, no other manufacturer of clothing or accessories lawfully uses a check that is the same as, or confusingly similar to, the BURBERRY CHECK (including the Nova Check) without Burberry's consent.

**B.    <u>Wolff and its Infringing Activities</u>**

19.    Defendant Wolff owns a portfolio of shoe brands, including VANELi, Amalfi by Rangoni, Rangoni, Sesto Meucii, and Eric Javits.

20.    Wolff's shoes are sold nationwide through retailers such as DSW (a discount shoe store) and Nordstrom; through Internet retailers such as Zappos.com and Amazon.com; and through the Wolff-owned Marmi shoe retailer, which runs a chain of retail outlets as well as catalogue and Internet operations.

5

21.    Upon information and belief, a few years ago Wolff began selling and offering for sale under the VANELi brand shoes and handbags bearing the Infringing Check. These products bear a color scheme virtually indistinguishable from the Nova Check. Specifically, the shoes and handbags offered under the VANELi trademark displayed a series of matching white and black parallel lines against a tan background, intersecting with the same number and configuration of white and black perpendicular lines, as well as thinner, contrasting red lines.

22.    As shown by the attached digital photographs, the checks that Defendant has adopted infringe Burberry's rights in its famous, federally-registered BURBERRY CHECK. The spacing of lines; the thickness of the lines; the effects that occur at overlaps of the thicker lines; the squares created; their relation to each other; and the intersecting thinner lines in the open boxes are virtually identical. Wolff has only exacerbated the likelihood of consumer confusion caused by its use of the Infringing Check by further appropriating for its own uses the famous Nova Check color scheme, as well as the Candy Check and Blue Bell Check color schemes. *See* Exhibit C.

23.    Upon information and belief, in so doing, Defendant intended to trade on Burberry's famous BURBERRY CHECK, to reap immediately the benefits that Burberry established over many years.

C.    **The Parties' Negotiations and Wolff's Declaratory Judgment Action**

24.    Counsel for Burberry wrote to Wolff on January 20, 2003 to complain about Wolff's use of the Infringing Check in connection with shoes and other accessories. A true and correct copy of the January 20, 2003 letter is attached hereto as Exhibit D.

25.    After an exchange of correspondence between counsel for Burberry and counsel for Wolff, on August 22, 2003, Wolff's counsel represented that Wolff would

phase out use of the Infringing Check, and represented that Wolff would adopt "a coloration that will not conflict in any way with the colors of Burberry." A true and correct copy of the August 22, 2003 letter is attached hereto as Exhibit E.

26.    Despite such assurances, Burberry continued to encounter in the marketplace shoes sold under the VANELi trademark bearing the Infringing Check in the complained-of color scheme. Accordingly, Burberry's counsel contacted counsel for Wolff via telephone in November 2003 regarding the continued sales of such shoes.

27.    In response, on November 24, 2003, Wolff's counsel sent a letter confirming Wolff's prior agreement to cease sales of shoes bearing the Infringing Check in the complained-of color scheme, and represented that Wolff would sell only shoes bearing a check pattern featuring a shade of brown that is affirmatively darker than that used by Burberry in connection with its famous BURBERRY CHECK. A true and correct copy of the November 24, 2003 letter is attached hereto as Exhibit F.

28.    In his November 24, 2003 letter, Wolff's counsel further represented that any shoes bearing the Infringing Check being sold or offered for sale represented inventory that was shipped prior to receipt of Burberry's January 20, 2003 letter.

29.    Despite such representations, in 2005 Burberry sporadically began encountering in the marketplace additional shoes being sold under the VANELi brand which bore the Infringing Check and the complained-of color scheme.

30.    In addition, Burberry learned that Wolff had begun selling and offering for sale shoes bearing the Infringing Check in a color scheme confusingly similar to the Candy Check color scheme, featuring a pink background with white and brown intersecting parallel lines, as well as contrasting light blue stripes.

31.    It became increasingly clear as time went on, that the Wolff shoes for sale were not simply remnants from Wolff's stock prior to the parties' discussions, but instead were deliberate sales by Wolff -- despite its representations to Burberry -- of infringing footwear.

32.    In August 2007, Burberry's counsel once again encountered shoes bearing the Infringing Check in a camel, white, black and red color scheme being offered for sale under the VANELi brand at a DSW store near Washington, D.C.

33.    Following such discovery, on September 14, 2007, Burberry's counsel wrote to counsel for Wolff, demanding that Wolff comply with its prior agreement to cease all sales of shoes and other accessories bearing the Infringing Check in any color scheme confusingly similar to those used in connection with the BURBERRY CHECK. A true and correct copy of the September 14, 2007 letter is attached hereto as Exhibit G.

34.    By its actions, Defendant has misappropriated, infringed and diluted the BURBERRY CHECK. These actions have injured and continue to injure Burberry irreparably.

35.    Upon information and belief, Defendant's actions have further caused instances of actual post-sale confusion, as third party resellers have represented Defendant's shoes as featuring bearing the BURBERRY CHECK. *See* Exhibit H.

**COUNT ONE –**

**INFRINGEMENT OF REGISTERED TRADEMARKS AND
TRADE DRESS UNDER SECTION 32 OF THE LANHAM ACT**

36.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 35 above.

37.    Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any

person from using in commerce, without the consent of the registrant:

>     any reproduction, counterfeit, copy, or colorable imitation
>     of a registered mark in connection with the sale, offering
>     for sale, distribution, or advertising of any goods or
>     services on or in connection with which such use is likely
>     to cause confusion, or to cause mistake, or to deceive . . . .

38.    The BURBERRY CHECK is federally registered.  The variations of the

BURBERRY CHECK, as registered, are nonfunctional, fanciful and arbitrary and are

associated in the mind of the public uniquely with Plaintiffs.

39.    Based on Burberry's extensive advertising, sales, and the popularity of its

high quality products, the BURBERRY CHECK has also acquired secondary meaning so

that the public associates these trademarks exclusively with Burberry.

40.    Defendant uses its Infringing Check in U.S. commerce in connection with

Defendant's distribution, sale and/or offering for sale of its goods.

41.    Defendant has intentionally and knowingly used the Infringing Check

without Burberry's consent or authorization.  Defendant's use, including the distribution,

sale, and/or offering for sale of products bearing the Infringing Check in interstate

commerce, is likely to cause confusion and/or mistake in the minds of the public, leading

the public to believe that Defendant's products, including its shoes bearing the Infringing

Check, emanate or originate from Burberry, or that Burberry has approved, sponsored or

otherwise associated itself with Defendant or its products.

42.    Defendant's unauthorized use of the Infringing Check as set forth above

has resulted in Defendant unfairly benefiting from Plaintiffs' advertising and promotion

and from the resultant goodwill in the BURBERRY CHECK, all to the substantial and

irreparable injury of the public, Plaintiffs, the BURBERRY CHECK, and the substantial goodwill represented thereby.

43.     Defendant's wrongful acts will continue unless enjoined by this Court.

44.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT TWO –

## FALSE DESIGNATION OF ORIGIN AND TRADE DRESS INFRINGEMENT UNDER SECTION 43(a) OF THE LANHAM ACT

45.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 35 above.

46.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides that:

> Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
>
> (1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, . . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

47.     By making unauthorized use, in interstate commerce, of the Infringing Check, Defendant has used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendant with

Burberry and/or as to the sponsorship or approval of Defendant's goods by Burberry, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's acts as alleged herein misrepresent the nature, characteristics, or qualities of its goods, services, or commercial activities.

48.     Defendant's acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to describe and/or represent, in a false or misleading fashion, Defendant's products as those of Plaintiffs in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Defendant's wrongful acts will continue unless enjoined by this Court.

50.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT THREE –

### DILUTION UNDER
### SECTION 43(c) OF THE LANHAM ACT

51.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 35 above.

52.     Plaintiffs' BURBERRY CHECK is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53.     The BURBERRY CHECK is an inherently distinctive mark that has been in use for decades nationwide, and plays a prominent role in Plaintiffs' marketing, advertising, and the popularity of their products across many different media. The BURBERRY CHECK became famous long before Defendant began using the Infringing Check on its products. The BURBERRY CHECK has garnered widespread publicity and

11

public recognition in New York and elsewhere nationwide.  To enhance its rights further, Burberry has obtained several federal registrations, entitling it to nationwide rights in the BURBERRY CHECK.

54.    Defendant uses its Infringing Check in U.S. commerce in connection with Defendant's distribution, sale and/or offering for sale of its goods.

55.    Defendant's use of the Infringing Check actually dilutes, or is likely to dilute, the distinctive quality of the BURBERRY CHECK and thus lessens the capacity of the BURBERRY CHECK to identify and distinguish Burberry's goods.  Defendant's unlawful use of the Infringing Check causes blurring in the minds of consumers between Burberry and Defendant, as well as between genuine BURBERRY® merchandise and Defendant's goods, thereby lessening the capacity of the BURBERRY CHECK to serve as a unique identifier of Burberry's products.

56.    By the acts described in Paragraphs 1 through __, Defendant has intentionally and willfully diluted, or is likely to dilute, the distinctive quality of the famous BURBERRY CHECK in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

57.    Defendant's wrongful acts will continue unless enjoined by this Court.

58.    Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT FOUR –

## DECEPTIVE ACTS AND PRACTICES UNDER
## SECTION 349 OF NEW YORK GENERAL BUSINESS LAW

59.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 35 above.

60.    Plaintiffs are the exclusive owners of the BURBERRY CHECK nationwide, including in New York.

61.    Upon information and belief, through its advertisements, offers to sell, and sales of products bearing a check identical or confusingly similar to the BURBERRY CHECK, Defendant has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

62.    Defendant's deceptive acts or practices, as described in the paragraphs above, are materially misleading.  Upon information and belief, these acts or practices have deceived or have a tendency to deceive a material segment of the public to whom Defendant has directed its marketing activities, and Burberry has been injured thereby.

63.    By the acts described in Paragraphs 1 through 35, Defendant has willfully engaged in deceptive acts or practices in the conduct of business and furnishing of goods in violation of Section 349 of the New York General Business Law.

64.    Defendant's wrongful acts will continue unless enjoined by this Court.

65.    Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

13

## COUNT FIVE –

## FALSE ADVERTISING UNDER
## SECTION 350 OF NEW YORK GENERAL BUSINESS LAW

66.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 35 above.

67.    Plaintiffs are the exclusive owners of the BURBERRY CHECK nationwide, including in New York.

68.    Defendants have made false and/or misleading statements as alleged herein, in the conduct of its business, trade or commerce in the State of New York, which are likely to cause confusion, to cause mistake and to deceive the public as to the nature, characteristics or qualities of Defendant's products and commercial activities. Upon information and belief, Defendants' conduct has actually deceived, and has a tendency to deceive, a material segment of the persons to whom Defendant have directed their commercial activities. Defendants' false and/or misleading statements are material in that they are likely to influence consumers to purchase Defendant's products. Burberry further alleges on information and belief that Defendant made its false and/or misleading statements with the intent to cause confusion, mistake and to deceive the public as to the nature, quality or characteristics of Defendant's products and their commercial activities, and that Burberry has been injured thereby.

69.    Defendants' conduct is consumer-oriented, has affected the public interest of New York and has resulted in injury to consumers within New York.

70.    By the acts described in Paragraphs 1 through 35, Defendant has willfully engaged in false advertising in the conduct of its business, trade or commerce in violation of Section 350 of the New York General Business Law.

14

71.    Defendant's wrongful acts will continue unless enjoined by this Court.

72.    Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT SIX –

### DILUTION AND LIKELIHOOD OF INJURY TO BUSINESS REPUTATION UNDER SECTION 360-l OF NEW YORK GENERAL BUSINESS LAW

73.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 35 above.

74.    Plaintiffs are the exclusive owners of the BURBERRY CHECK nationwide, including in New York.

75.    Through prominent, long, and continuous use in commerce, including commerce within New York, Plaintiffs' BURBERRY CHECK has become and continues to be famous and distinctive, since long before Defendant's adoption of the Infringing Check.

76.    Defendant's use of the Infringing Check actually dilutes, or is likely to dilute, the distinctive quality of the BURBERRY CHECK and lessens the capacity of the BURBERRY CHECK to identify and distinguish Burberry's goods.  Defendant's unlawful use of the Infringing Check causes blurring in the minds of consumers between Burberry and Defendant, as well as between genuine BURBERRY® merchandise and the Defendant's goods, thereby lessening the capacity of the BURBERRY CHECK to serve as a unique identifier of Burberry's products.  Moreover, consumers are likely to purchase Defendant's products with the erroneous belief that Defendant is associated

with, sponsored by, or affiliated with Burberry, or that Burberry is the source of those products.

77.     By the acts described in Paragraphs 1 through 35, Defendant has actually diluted, or is likely to dilute, the distinctiveness of Plaintiffs' marks, and has caused a likelihood of harm to Plaintiffs' business reputation in violation of Section 360-1 of the New York General Business Law.

78.     Defendant's wrongful acts will continue unless enjoined by this Court.

79.     Defendant's acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

### COUNT SEVEN –

### TRADEMARK AND TRADE DRESS
### INFRINGEMENT UNDER COMMON LAW

80.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 35 above.

81.     Plaintiffs own all right, title, and interest in and to the BURBERRY CHECK as described above, including all common law rights in such marks and trade dress.

82.     The products sold by Defendant incorporate imitations of Plaintiffs' common law trademarks and trade dress. Such unauthorized use by Defendant of Plaintiffs' common law trademarks and trade dress constitutes trademark and trade dress infringement, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers mistakenly to believe such products are Burberry's authentic goods.

16

83.    Upon information and belief, Defendant has appropriated one or more of Burberry's common law trademarks and trade dress, causing confusion, mistake, and deception as to the source of its goods.  Defendant palms off its goods as those of Burberry, improperly trading upon Burberry's goodwill and Burberry's valuable rights in and to the BURBERRY CHECK.

84.    Upon information and belief, Defendant committed the above alleged acts willfully, in bad faith, and in conscious disregard of Plaintiffs' rights, and Plaintiffs are therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendant.

85.    By the acts described in Paragraphs 1 through 35 above, Defendant has engaged in trademark and trade dress infringement in violation of the common law of the State of New York.

86.    Defendant's wrongful acts will continue unless enjoined by this Court.

87.    Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT EIGHT –

## UNFAIR COMPETITION UNDER COMMON LAW

88.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 35 above.

89.    Plaintiffs own all right, title, and interest in and to the BURBERRY CHECK as described above, including all common law rights in such marks.

17

90.    Defendant palms off its goods as those of Burberry, improperly trading upon Burberry's goodwill and Burberry's valuable rights in and to the BURBERRY CHECK.

91.    Upon information and belief, Defendant committed the above alleged acts willfully, in bad faith, and in conscious disregard of Plaintiffs' rights, and Plaintiffs are therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendant.

92.    By the acts described in Paragraphs 1 through 35 above, Defendant has engaged in unfair competition in violation of the common law of the State of New York.

93.    Defendant's wrongful acts will continue unless enjoined by this Court.

94.    Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

**COUNT NINE –**

**UNJUST ENRICHMENT UNDER COMMON LAW**

95.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 35 above.

96.    Plaintiffs own all right, title, and interest in and to the BURBERRY CHECK as described above, including all common law rights in such marks and trade dress.

97.    Upon information and belief, Defendant has been and will continue to be unjustly enriched as a result of its unauthorized use of the Infringing Check on footwear

and accessories, thereby depriving Plaintiffs of revenues they rightfully should receive by virtue of the use of their famous trademarks and trade dress.

98.    By the acts described in Paragraphs 1 through 35 above, Defendant has retained revenues to which it is not equitably or legally entitled, and is thereby unjustly enriched at Plaintiffs' expense, in violation of the common law of the State of New York.

99.    Defendant's wrongful acts will continue unless enjoined by this Court.

100.    Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

WHEREFORE, Burberry prays:

A.    For judgment that:

(i)    Defendant has violated Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

(ii)    Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii)    Defendant has violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

(iv)    Defendant has engaged in deceptive acts and practices under Section 349 of the New York General Business Law;

(v)    Defendant has engaged in false advertising under Section 350 of the New York General Business Law;

(vi)    Defendant has diluted Burberry's marks in violation of Section 360-l of the New York General Business Law;

(vii)    Defendant has engaged in trademark infringement under the common law of the State of New York;

(viii)    Defendant has engaged in unfair competition in violation of the common law of the State of New York; and

(ix)    Defendant has been unjustly enriched in violation of the common law of the State of New York.

B.    That an injunction be issued enjoining and restraining Defendant and its officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

(i)    Using the Infringing Check, or any reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK to identify any goods not authorized by Burberry;

(ii)    Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' business reputation or dilute the distinctive quality of the BURBERRY CHECK;

(iii)    Using a false description or representation including designs, words, or other symbols tending falsely to describe or represent Defendant's goods as being those of Burberry, or sponsored by or associated with Burberry, and from offering such goods into commerce;

(iv)    Further infringing the BURBERRY CHECK by distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Burberry bearing the Infringing Check or any simulation, reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK;

(v)    Using the Infringing Check or any simulation, reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiffs, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

(vi)    Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendant are in any manner associated or connected with Plaintiffs, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

(vii)    Performing any act constituting an infringement of the BURBERRY CHECK or of Burberry's rights in said trademarks,

20

or using or exploiting said trademarks, or constituting any dilution of Plaintiffs' BURBERRY CHECK;

(viii)   Secreting, destroying, altering, removing, or otherwise dealing with products bearing the Infringing Check or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all products bearing the Infringing Check, or any simulation, reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK; and

(ix)   Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (viii).

C.   That an order be issued directing Defendant to deliver up for destruction to Plaintiffs all unauthorized products and advertisements in its possession or under its control bearing the Infringing Check, or any simulation, reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

D.   That an order be issued directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendant are authorized by Plaintiffs or related in any way to Plaintiffs' products.

E.   For an assessment of the damages suffered by Burberry, trebled, including an award of all profits that Defendant has derived while using the Infringing Check, trebled, as well as costs and attorney's fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; and awarding profits, damages, and fees, to the full extent available, pursuant to Sections 349, 350 and 360-l of the New York General Business Law; and punitive damages to the full extent available under the common law.

F.     For an order requiring Defendant to disseminate corrective advertisements in a form approved by the Court to acknowledge its violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

G.     For costs of suit, and for such other and further relief as the Court shall deem appropriate.

Dated:  New York, New York
        September 28, 2007

ARNOLD & PORTER LLP

By: _____
     Anthony Boccanfuso (AB 5403)
     399 Park Avenue
     New York, New York  10022-4690
     (212) 715-1000

     Roberta L. Horton (*pro hac* to be submitted)
     Kimberley A. Isbell (*pro hac* to be submitted)
     555 Twelfth Street, N.W.
     Washington, D.C.  20004
     (202) 942-5000

22

## DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiffs, pursuant to Rule 38(b) of the Federal Rules of

Civil Procedure, hereby demand trial by jury for all issues so triable.

Dated:  New York, New York
        September 28, 2007

ARNOLD & PORTER LLP

By: _____

Anthony Boccanfuso (AB 5403)
399 Park Avenue
New York, New York  10022-4690
(212) 715-1000

Roberta L. Horton (*pro hac* to be submitted)
Kimberley A. Isbell (*pro hac* to be submitted)
555 Twelfth Street, N.W.
Washington, D.C.  20004
(202) 942-5000