# ARNOLD & PORTER LLP

**Anthony D. Boccanfuso**
Litigation Manager
Anthony_Boccanfuso@aporter.com
Admitted to the New York Bar

212.715.1315
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

October 26, 2007



CONFERENCE ON 11/6/07 AT 12:30 P.M. UNLESS PARTIES STIPULATE TO ~~~~~~~~ A RESOLUTION BEFORE THEN.

**SO ORDERED:**
Date: 10/26/07
Richard M. Berman, U.S.D.J.

**BY HAND DELIVERY**

Hon. Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007-1312

Re: *Burberry Limited (UK), et al. v. Wolff Shoe Co.*
    Docket No. 07 CV 8456 (RMB) (KNF)
    Response to Request for Pre-Motion Conference

Dear Judge Berman:

    Pursuant to this Court's Order of October 22, 2007, Plaintiffs Burberry Limited (UK) and Burberry Limited (US) (collectively, "Burberry") hereby respond to the request of Defendant Wolff Shoe Company ("Wolff") for a pre-motion conference, filed October 19, 2007 (the "Request").

    This is an action for trademark and trade dress infringement, trademark dilution, and violations of New York statutory and common law. The claims asserted by Burberry in this litigation stem from Wolff's manufacture and sale of shoes bearing a check that is nearly identical to the famous BURBERRY CHECK ("Infringing Check"). *Compare* Exhibits A and B. Such misappropriation of Burberry's famous and valuable BURBERRY CHECK has continued unabated despite repeated assurances by Wolff to Burberry's counsel that it was phasing out use of the Infringing Check. Burberry filed the present action to put a halt to Wolff's tortious conduct on September 28, 2007.

    As the basis for its Request, Wolff asserts that the Court should apply the "first-filed" rule and stay the present proceeding in deference to the declaratory judgment action filed by Wolff in the Eastern District of Missouri on September 25, 2007 ("Missouri Action"). As the Second Circuit has noted, however, there are certain well-developed exceptions to the first-filed rule. *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969) (noting that "balance of convenience in favor of the second action" or "special circumstances" will justify proceeding with a second-filed action, and upholding issuance of injunction by the court in the second-filed action

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/2007

# ARNOLD & PORTER LLP

Judge Berman
October 26, 2007
Page 2

against prosecution of first-filed action in the Northern District of Georgia).[1] As outlined below, the present case falls squarely within just such an exception.

The first-filed rule "is not to be applied mechanically, . . . but is intended to aid judicial administration by acting as a 'presumption' that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Hanson PLC v. Metro Goldwyn-Mayer Inc.*, 932 F. Supp. 104, 106 (S.D.N.Y. 1996) (internal citations omitted). As this Court has noted, the first-filed rule is particularly inapplicable where, as here, the first-filed case is an "anticipatory" action for declaratory judgment. *Hartford Accident & Indem. Co. v. Hop-On Int'l Corp.*, 568 F. Supp. 1569, 1573 (S.D.N.Y. 1983) ("This general rule does not apply, however, when a federal declaratory judgment action has been filed in apparent anticipation of the other pending proceeding. Rather, such a course of action is an equitable consideration militating toward 'allow[ing] the later filed action to proceed to judgment in the plaintiff's chosen forum.'") (citations omitted).

As outlined in Burberry's Memorandum in Support of Its Motion to Dismiss or Stay Plaintiff's Complaint, or in the Alternative, to Transfer Venue ("Motion to Dismiss," attached to Wolff's Request as Exhibit B), the sequence of events leading up to Wolff's filing of the Missouri Action clearly demonstrate that such filing was an improper attempt to deprive the true plaintiff in this action, Burberry, of its choice of forum. The Missouri Action was filed mere days after Wolff's receipt of a cease and desist letter from Burberry's counsel, which letter clearly informed Wolff that Burberry intended to take action to protect its rights in the famous BURBERRY CHECK should Wolff not immediately agree to cease its infringing behavior. In fact, this letter, which came from Burberry's outside litigation counsel, specifically stated that "Burberry will not tolerate Wolff's repeated violations of Burberry's rights any longer." When Wolff failed to respond by the deadline set forth in such letter, Burberry's counsel sent a follow-up email to Wolff, stating that it had "missed the deadline for responding" to Burberry's letter and that it was "very important that [Wolff] respond immediately."

---

[1] While Wolff asserts that the Second Circuit's enunciation of the first-filed rule requires "the District Court in which the first-filed case was filed [to] decide[] whether the first-filed rule or any exceptions to the first-filed rule apply," such statement is not supported by either of the cases cited by Wolff in its Request. *See Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp.2d 49, 54 (S.D.N.Y. 2001) (acknowledging exceptions to the first-filed rule); *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp.2d 549, 555 (S.D.N.Y. 2000) (same). The Second Circuit has approved the second-filed court -- here, the Southern District of New York -- determining the application of the first filed rule. *William Gluckin*, 407 F.2d at 178.

# ARNOLD & PORTER LLP

Judge Berman
October 26, 2007
Page 3

      After filing the Missouri Action, Wolff then delayed serving Burberry until October 10, 2007 -- 12 days after the present action was filed, and nine days after Wolff was served with the Summons in the present action. In fact, Wolff did not even have the Summons issued by the Court in the Missouri Action until October 5, 2007, well after the filing of the present case. *See* Exhibit C. Wolff's counsel later admitted the anticipatory nature of Wolff's complaint in a telephone conversation with Burberry's counsel, asking, "What did you expect me to do, sit around and wait until you sued in New York?"

      Further, the current procedural postures of the present action and the Missouri Action favor this litigation proceeding in the Southern District of New York. As the Supreme Court has found in an analogous situation, when determining which of two parallel actions should proceed, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21, 103 S. Ct. 927, 74 L.Ed.2d 765 (1983) (determining priority as between federal and state court actions). Briefing has not yet been completed on Burberry's Motion to Dismiss in the Missouri Action; nor has the Court scheduled a hearing on the motion. Likewise, the Court in the Missouri Action has yet to issue an order scheduling an initial pre-trial conference. In contrast, this Court has already scheduled the initial pre-trial conference for November 16, 2007 at 11:00 a.m. *See* Order dated October 5, 2007. Pursuant to the Court's pre-trial order, the parties will shortly be required to meet and confer regarding preparation of the case management plan.

      Wolff's actions as detailed in Burberry's Complaint threaten Burberry with a loss of control over, and the distinctiveness of, its famous BURBERRY CHECK. *See, e.g., Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 999 (2d Cir. 1997) (irreparable harm is presumed from acts of trademark infringement). For the reasons articulated above, the Court should reject Wolff's attempts to further delay an adjudication of Burberry's claims in the forum of Burberry's choosing.

Sincerely,

Anthony Boccanfuso
ARNOLD & PORTER LLP
Attorney for Plaintiffs
Burberry Limited (UK) and
Burberry Limited (US)

Enclosures